E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KATHY YU (Cal Bar No.  268210)
CAITLIN J. CAMPBELL (Cal Bar No. 324364)
Assistant United States Attorneys
Violent and Organized Crime Section/Santa Ana Branch Office
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:     (213) 894-2431
                    (714) 338-3541
     E-mail:   kathy.yu@usdoj.gov
               caitlin.campbell@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

**LODGED**
CLERK, U.S. DISTRICT COURT
3/28/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____TV_____ DEPUTY

**FILED**
CLERK, U.S. DISTRICT COURT
3/28/2024
CENTRAL DISTRICT OF CALIFORNIA
BY:Valeria Juarez DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

IN RE: COMPLAINT AND ARREST WARRANT

Case No.  2:24-mj-01788

GOVERNMENT'S *EX PARTE* APPLICATION FOR ORDER SEALING DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CAITLIN J. CAMPBELL

**(UNDER SEAL)**

The government applies <u>ex parte</u> for an order directing that the complaint and arrest warrant, and all attachments thereto, the application for the complaint and arrest warrant, and all attachments thereto, as well as this <u>ex parte</u> application, the memorandum of points and authorities, the declaration of Caitlin J. Campbell, and this Court's sealing order, and all documents subsequently filed under this same case number until such time as an unsealing order is issued, be kept under seal until further order of the Court, or until the government determines that these materials

are subject to its discovery obligations in connection with criminal proceedings, at which time they may be produced to defense counsel.

This _ex parte_ application is based on the attached memorandum of points and authorities, the declaration of Caitlin J. Campbell, and the records and files in this case, including the application for the complaint, arrest warrant, and attachments thereto.

Dated: March 28, 2024                    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
KATHY YU
CAITLIN J. CAMPBELL
Assistant United States Attorneys
Violent and Organized Crime
Section/Santa Ana Branch Office

Attorneys for Applicant
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

The government requests that this Court seal the complaint and arrest warrant, and all attachments thereto, as well as this ex parte application and all supporting documents, to maintain the integrity of its investigation.  Approval from this Court to seal these documents is required under Local Rule 79-5.1.  The Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants.  In re Sealed Affidavit (Agosto), 600 F.2d 1256 (9th Cir. 1979) (per curiam) (holding that even aside from Federal Rule of Criminal Procedure 41 "courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations"); see also Offices of Lakeside Non-Ferrous Metals, Inc., 679 F.2d 778, 779-80 (9th Cir. 1982) (citing Agosto).

The Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of an arrest warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41.  In re EyeCare Physicians of America, 100 F.3d 514 (7th Cir. 1996).  In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued.  If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there had been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

Id. at 517.  Accord In re Grand Jury Proceedings, 115 F.3d 1240, 1247 (5th Cir. 1997).

1

Here, for the reasons described in the attached declaration, sealing is necessary to maintain the integrity of the government's investigation. Accordingly, the government requests that the documents described in the attached declaration be kept under seal until further order of the Court, or until the government determines that these materials are subject to its discovery obligations in connection with criminal proceedings, at which time they may be produced to defense counsel. The government also requests that the Court's order not limit its ability to provide copies of the arrest warrant at the time the warrant is executed, as required by Federal Rule of Criminal Procedure 41(f).

## DECLARATION OF CAITLIN J. CAMPBELL

I, Caitlin J. Campbell, declare as follows:

1.   I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California.  I represent the government in the investigation of this matter, in which the government has submitted an affidavit in support of a complaint and an arrest warrant.

2.   The complaint and arrest warrant in this case have not yet been executed.  The likelihood of apprehending the defendant would be diminished if the affidavit in support of the complaint and arrest warrant in this case was made publicly available before the arrest warrant was executed.

3.   Further, public disclosure of the complaint and arrest warrant or the information in the application could seriously jeopardize other aspects of the investigation, which is ongoing, and may result in the destruction of or tampering with evidence.

4.   Accordingly, the government requests that the complaint and arrest warrant, and all attachments thereto, as well as this ex parte application, the memorandum of points and authorities, this declaration, and this Court's sealing order, and all documents subsequently filed under this same case number until such time as a unsealing order is issued, be kept under seal until further order of the Court, or until the government determines that these materials are subject to its discovery obligations in connection with criminal proceedings, at which time they may be produced to defense counsel. The government also requests that the Court's order not limit its ability to provide copies of the arrest warrant at the time the

1

warrant is executed, as required by Federal Rule of Criminal Procedure 41(f).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Santa Ana, California, on March 28, 2024.

_/s/_
_____
CAITLIN J. CAMPBELL