**FILED**
CLERK, U.S. DISTRICT COURT

06/04/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ IGU _____ DEPUTY

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KATHY YU (Cal Bar No. 268210)
CAITLIN J. CAMPBELL (Cal Bar No. 324364)
Assistant United States Attorneys
Violent and Organized Crime Section/Santa Ana Branch Office
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:   (213) 894-2431
                   (714) 338-3541
     E-mail:  kathy.yu@usdoj.gov
              caitlin.campbell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>AUSTIN LARMOUR,<br><br>      Defendant. | No.  8:24-cr-00065-FWS<br><br>PLEA AGREEMENT FOR DEFENDANT<br>AUSTIN LARMOUR |

1.   This constitutes the plea agreement between Austin Larmour ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

     a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to a single-count Information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

3.   Defendant further agrees:

a.   To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty (collectively, the "Forfeitable Assets").

b.   To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.   Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.   To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i.   That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

j.   Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i.   Within three days of release from prison or commencing probation, the defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, is employed and is a student, pursuant to the registration procedures that have been established in each jurisdiction. When registering for the first time, the defendant shall also register in the jurisdiction in which the conviction occurred if different from the defendant's jurisdiction of residence within 14 days of release from custody. The defendant shall provide proof of registration to the Probation Officer within 48 hours of registration.

ii.   Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer. Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and polygraph and Abel testing, but the defendant retains the right to invoke the Fifth Amendment.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

iii. As directed by the Probation Officer, and subject to defendant's ability to pay as determined by the Probation Officer,

4

defendant shall pay all or part of the costs of psychological counseling or psychiatric treatment, or a sex offender treatment program, or any combination thereof to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  Defendant shall provide payment and proof of payment as directed by the Probation Officer.

iv.  Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. § 2256(2).  The defendant shall not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "actual sexually explicit conduct" involving adults as defined by 18 U.S.C. § 2257(h)(1).  This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment, when defendant's treatment provider or the probation officer has approved of defendant's possession of the materials in advance.

v.  Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notifies said parent or legal guardian of defendant's conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket

vendors, etc., with whom defendant must interact in order to obtain ordinary and usual commercial services.

vi.   Defendant shall not enter, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, amusement and theme parks, or other places primarily used by persons under the age of 18, without the prior written authorization of the probation officer.

vii. Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

viii.   Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

ix.   Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

x.   Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

xi.   Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by

persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

xii. Defendant shall submit to a search, at any time, with or without warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computers, cell phones, other electronic communication or data storage devices or media, email accounts, social media accounts, cloud storage accounts, effects and other areas under the defendant's control, upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

xiii.    Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child erotica, which is defined as a person under the age of 18 in partial or complete state of nudity, in sexually provocative poses, viewed for the purpose of sexual arousal.

xiv. The defendant shall possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that have been disclosed to the Probation Officer upon commencement of supervision.  Any new devices, accounts, applications, passwords, or passcodes are to be disclosed to the

7

Probation Officer prior to the first use. A digital device is any electronic system or device that can access, view, obtain, store, or transmit visual depictions of sexually explicit conduct involving children.

xv.  All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search and seizure.  This shall not apply to items used at the employment's site that are maintained and monitored by the employer.

xvi. Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  The defendant shall pay the cost of the Computer Monitoring Program, subject to defendant's ability to pay.

xvii.  Pay mandatory restitution as ordered by the Court.

<u>THE USAO'S OBLIGATIONS</u>

4.  The USAO agrees to:

a.  Not contest facts agreed to in this agreement.

b.  Abide by all agreements regarding sentencing contained in this agreement.

c.  At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.  Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court

to determine that range is 27 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

NATURE OF THE OFFENSE

5.   Defendant understands that for defendant to be guilty of the crime charged in the Information, that is, possession of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2), the following must be true: (i) defendant knowingly possessed matters that defendant knew contained visual depictions of a minor engaged in sexually explicit conduct; (ii) defendant knew the visual depiction contained in the matters showed a minor engaged in sexually explicit conduct; (iii) defendant knew that production of such a visual depiction involved use of a minor in sexually explicit conduct; and (iv) each visual depiction had been (a) mailed, shipped, or transported using any means or facility of interstate commerce or in or affecting interstate commerce, or (b) produced using any means or facility of interstate or foreign commerce or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

6.   Defendant understands that for defendant to be subject to the statutory maximum sentence set forth below, the government must prove beyond a reasonable doubt that at least one visual depiction possessed by defendant involved a prepubescent minor, or a minor who had not attained 12 years of age, engaged in sexually explicit conduct, as alleged in the Information.  Defendant admits that defendant, in fact, possessed at least one file that depicted

1  prepubescent minors, or minors who had not attained 12 years of age,

2  engaged in sexually explicit conduct.

3                          PENALTIES AND RESTITUTION

4       7.   Defendant understands that the statutory maximum sentence

5  that the Court can impose for a violation of Title 18, United States

6  Code, Sections 2252A(a)(5)(B) and (b)(2), is: 20 years' imprisonment;

7  a lifetime period of supervised release; a fine of $250,000 or twice

8  the gross gain or gross loss resulting from the offense, whichever is

9  greatest; and a mandatory special assessment of $100.

10      8.   Defendant understands that the statutory mandatory minimum

11  sentence that the Court must impose for a violation of Title 18,

12  United States Code, Sections 2252A(a)(5)(B) and (b)(2) is: a five-

13  year period of supervised release and a mandatory special assessment

14  of $100.

15      9.   Defendant understands that, pursuant to the Justice for

16  Victims of Trafficking Act of 2015, the Court shall impose an

17  additional $5,000 special assessment if the Court concludes that

18  defendant is a non-indigent person, to be paid after defendant's

19  other financial obligations have been satisfied.

20      10.  Defendant understands that, pursuant to 18 U.S.C. § 2259A,

21  the Court may impose an additional special assessment of up to

22  $17,000.

23      11.  Defendant understands that defendant will be required to

24  pay full restitution to the victim(s) of the offense to which

25  defendant is pleading guilty.  Defendant agrees that, in return for

26  the USAO's compliance with its obligations under this agreement, the

27  Court may order restitution to persons other than the victim(s) of

28  the offense to which defendant is pleading guilty.  In particular,

defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty. Defendant understands that, under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court shall impose a restitution amount of not less than $3,000 per victim.

12.  The Court will also order forfeiture of the property listed in the Information pursuant to 18 U.S.C. § 2253.

13.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

14.  Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

15.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

16.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty

regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

17.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 19 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about November 27, 2019, in Orange County, within the Central District of California, defendant knowingly possessed on his cellphone approximately 11 files containing child pornography, as listed in the Information, and obtained them from a Telegram chat group.  Defendant admits and agrees that he knew the files that he possessed contained visual depictions of minors engaging in sexually explicit conduct, that he knew each visual depiction contained in the images and videos showed minors engaged in sexually explicit conduct, and that he knew that production of such visual depictions involved use of minors engaged in sexually explicit conduct.  Defendant admits and agrees that at least one of the files he possessed depicted a prepubescent minor and minor who had not attained 12 years of age engaging in sexual conduct, and that at least one of the files he possessed portrayed sadistic or masochistic sexual conduct involving a minor child.  For example, defendant knowingly possessed an

approximately one minute, 52-second video titled "video_7@27-11-2019-15-30-07.mp4," which depicted the rape of a 5-8 year old boy.

The children depicted in the child pornography files are real children, and the files were transported using the Internet, which is a means and facility of interstate and foreign commerce, using a computer.

<u>SENTENCING FACTORS</u>

18. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

19. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 18 | U.S.S.G. § 2G2.2(a)(1) |
| Minor <12 Years Old: | +2 | U.S.S.G. § 2G2.2(b)(2) |
| Sadistic or Masochistic Conduct: | +4 | U.S.S.G. § 2G2.2(b)(4)(A) |
| Use of a Computer: | +2 | U.S.S.G. § 2G2.2(b)(6) |
| At least 300 images but fewer than 600 | +4 | U.S.S.G. § 2G2.2(b)(7)(C) |

14

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

20.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

21.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

22.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.   The right to persist in a plea of not guilty.

    b.   The right to a speedy and public trial by jury.

    c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.   The right to confront and cross-examine witnesses against defendant.

    f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

23.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

24.   Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, including, to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order; (f) the term of probation or supervised release imposed by the Court, provided it is within the

16

statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

25.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

26.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 25 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

27.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds

in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

28.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

29.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

30.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations

are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

31. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

Procedure, or any other federal rule, that the statements or any
evidence derived from the statements should be suppressed or are
inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
### OFFICE NOT PARTIES

32. Defendant understands that the Court and the United States
Probation and Pretrial Services Office are not parties to this
agreement and need not accept any of the USAO's sentencing
recommendations or the parties' agreements to facts or sentencing
factors.

33. Defendant understands that both defendant and the USAO are
free to: (a) supplement the facts by supplying relevant information
to the United States Probation and Pretrial Services Office and the
Court, (b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations and determination of
sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 19 are
consistent with the facts of this case.  While this paragraph permits
both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

34. Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions

different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

35.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

36.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the

//

//

//

//

//

1   entire agreement had been read into the record of the proceeding.

2   AGREED AND ACCEPTED

3   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
4   CALIFORNIA

5   E. MARTIN ESTRADA
    United States Attorney
6

7   _____          _____
    KATHY YU                                 Date
8   CAITLIN J. CAMPBELL
    Assistant United States Attorneys
9
    _Austin S_____                 05/29/2024
10  AUSTIN LARMOUR                            Date
    Defendant
11

12  _____          _____
    TERRA CASTILLO LAUGHTON                   Date
13  Attorney for Defendant AUSTIN
    LARMOUR

14

15              CERTIFICATION OF DEFENDANT

16       I have read this agreement in its entirety.  I have had enough

17  time to review and consider this agreement, and I have carefully and

18  thoroughly discussed every part of it with my attorney.  I understand

19  the terms of this agreement, and I voluntarily agree to those terms.

20  I have discussed the evidence with my attorney, and my attorney has

21  advised me of my rights, of possible pretrial motions that might be

22  filed, of possible defenses that might be asserted either prior to or

23  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

24  of relevant Sentencing Guidelines provisions, and of the consequences

25  of entering into this agreement.  No promises, inducements, or

26  representations of any kind have been made to me other than those

27  contained in this agreement.  No one has threatened or forced me in

28  any way to enter into this agreement.  I am satisfied with the

                              22

representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charge and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____          05/29/2024
AUSTIN LARMOUR                            Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am AUSTIN LARMOUR's attorney.  I have carefully and thoroughly
discussed every part of this agreement with my client.  Further, I
have fully advised my client of his rights, of possible pretrial
motions that might be filed, of possible defenses that might be
asserted either prior to or at trial, of the sentencing factors set
forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set
forth in this agreement is sufficient to support my client's entry of
a guilty plea pursuant to this agreement.

_____          _____
TERRA CASTILLO LAUGHTON                   Date
Attorney for Defendant AUSTIN
LARMOUR

23

1  entire agreement had been read into the record of the proceeding.

2  AGREED AND ACCEPTED

3  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
4  CALIFORNIA

5  E. MARTIN ESTRADA
   United States Attorney

6

7  _____          06/03/24
   KATHY YU                                 _____
8  CAITLIN J. CAMPBELL                      Date
   Assistant United States Attorneys

9

10 _____          _____
   AUSTIN LARMOUR                           Date
   Defendant

11

12 _____          5/29/24
   TERRA CASTILLO LAUGHTON                  _____
   Attorney for Defendant AUSTIN            Date
13 LARMOUR

14

15              CERTIFICATION OF DEFENDANT

16      I have read this agreement in its entirety.  I have had enough

17 time to review and consider this agreement, and I have carefully and

18 thoroughly discussed every part of it with my attorney.  I understand

19 the terms of this agreement, and I voluntarily agree to those terms.

20 I have discussed the evidence with my attorney, and my attorney has

21 advised me of my rights, of possible pretrial motions that might be

22 filed, of possible defenses that might be asserted either prior to or

23 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

24 of relevant Sentencing Guidelines provisions, and of the consequences

25 of entering into this agreement.  No promises, inducements, or

26 representations of any kind have been made to me other than those

27 contained in this agreement.  No one has threatened or forced me in

28 any way to enter into this agreement.  I am satisfied with the

                          22

representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        _____
AUSTIN LARMOUR                          Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am AUSTIN LARMOUR's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____        _5|29|24_____
TERRA CASTILLO LAUGHTON                  Date
Attorney for Defendant AUSTIN
LARMOUR

23

# EXHIBIT A

1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

UNITED STATES OF AMERICA,          No.

11            Plaintiff,            I N F O R M A T I O N

12            v.                    [18 U.S.C. § 2252A(a)(5)(A),
                                    (b)(2): Possession of Child
13   AUSTIN LARMOUR,                Pornography; 18 U.S.C. § 2253:
       aka "John Doe,"             Criminal Forfeiture]
14

15            Defendant.

16

17        The United States Attorney charges:

18                  [18 U.S.C. §§ 2252A(a)(5)(A), (b)(2)]

19        On or about November 27, 2019, in Orange County, within the

20   Central District of California, defendant AUSTIN LARMOUR, also known

21   as "John Doe," knowingly possessed images and videos of child

22   pornography, as defined in Title 18, United States Code, Section

23   2256(8)(A), which involved prepubescent minors and minors who had not

24   attained 12 years of age, that had been transported using any means

25   and facility of interstate and foreign commerce, and in and affecting

26   interstate and foreign commerce by any means, including by cellular

27   phone, knowing that the images and videos were child pornography.

28

EXHIBIT A

The child pornography that defendant LARMOUR knowingly possessed consisted of:

1. a video titled "video_7@27-11-2019-15-30-07.mp4";

2. a video titled "BBCaps Summer 2018 Pt2.0.mp4";

3. a video titled "video_1@08-04-2019_16-02-02.mp4";

4. an image titled "photo_143@27-11-2019_23-02-09.jpg";

5. a video titled "IMG_0016.mp4";

6. a video titled "video_4@08-04-2019_16-06-24.mp4";

7. a video titled "IMG_3195.mov";

8. a video titled "IMG_3914.mov";

9. an image titled "photo_194@27-11-2019_23-06-26.jpg";

10.  an image titled "photo_195@27-11-2019_23-06-40.jpg"; and

11.  an image titled "photo_62@23-11-2019_15-28-20.jpg".

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a)  All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b)  All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c)  All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph

3

EXHIBIT A

if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney


MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Chief, Violent and Organize Crime
Section

KATHY YU
Senior Litigation Counsel
Assistant United States Attorney
Violent and Organized Crime
Section

CAITLIN J. CAMPBELL
Assistant United States Attorney
Santa Ana Branch Office

4
EXHIBIT A